**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

v. CRIMINAL ACTION NO. 2:26-cr-00010

MIGUEL ANGEL AGUIRRE
MIGUEL AGUIRRE-ARELLO, SR.

# ORDER

Pending before the court is a series of objections within the Federal Rule of Criminal Procedure 15 depositions in this case. The court authorized three depositions of non-citizens related to this action. In an earlier order, [ECF No. 209], the court ordered that the parties make designations to the deposition testimony and identify specific objections contained within the depositions. The parties then provided those joint designations with objections directed toward certain portions of the transcripts.

Briefly, I will review the relevant Federal Rules of Evidence that guide these rulings. The test for relevance is lenient, broad, and favors admission. Fed. R. Evid. 401. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.*

Evidence, however relevant, may be excluded for several reasons. Rule 403 permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The extrinsic versus intrinsic nature of relevant evidence may also suggest exclusion. The United States Court of Appeals for the Fourth Circuit has described extrinsic evidence as separate

from or unrelated to the charged offense. *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Intrinsic evidence, on the other hand, includes those acts in the "same series of transactions as the charged offense" or those acts "necessary to complete the story of the crime on trial." *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020). Though intrinsic evidence may appear as impermissible prior bad acts evidence, the Fourth Circuit has allowed the admission of intrinsic evidence when it is "inextricably intertwined with the offense" and when that evidence is "essential to the story of the crime" or used to provide "context to the charged offense." *Howard v. City of Durham*, 68 F.4th 934, 955 (4th Cir. 2023). That difference is important because intrinsic evidence is not subject to Federal Rule of Evidence 404(b) limitations—and therefore likely to be admitted—whereas extrinsic evidence is subject to 404(b) and may only be admitted for another permissible purpose.

Federal Rule of Evidence 602 provides "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. Rule 701 provides that a lay witness may testify to that which is "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(a), 701(b). *See also United States v. Walker*, 32 F.4th 377, 389–90 (4th Cir. 2022); *United States v. Horsley*, 105 F.4th 193, 218–19 (4th Cir. 2024) ("We have previously emphasized the line between lay opinion testimony and expert testimony. 'We [have] held "lay opinion testimony *must* be based on personal knowledge."'" (quoting *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010))). And if the testimony the Government offers fits within that rule, it is permissible, subject to the other rules of evidence. The court notes,

however, that "post-hoc assessments cannot be credited as a substitute for the personal knowledge and perception required under Rule 701." *Johnson*, 617 F.3d at 293.

With these rules in mind, the court resolves the Rule 15 deposition objections below.

## I. Tzoc-Tzep Deposition [ECF No. 162-1]

Defendants make eight different objections to the deposition testimony. [ECF No. 232]. First, the Defendants object generally to the testimony of Manuel Marvin Tzoc-Tzep. *Id.* He is not named in the indictment and has not been prosecuted individually. The objection is **OVERRULED**. The court finds that his testimony is not irrelevant (nor overly prejudicial nor confusing to the jury) to this case. Mr. Tzoc-Tzep was a similarly situated employee of the Defendants, who can provide relevant evidence in this case.

The objections at 16:17–18:13 are **OVERRULED**. The testimony is relevant, and its relevance is not substantially outweighed by the probative evidence it offers.

The objections at 23:21–25:14 are **OVERRULED in part**. The testimony of Mr. Tzoc-Tzep's payment and employment is related to, not substantially outweighed by a risk of unfair prejudice, and not confusing to a jury. The objection is **SUSTAINED in part** as it relates to lines 24:21–25:9, [ECF No. 162-1 (Q: "Who else was paid in cash at the restaurant?" A: "I don't know because they wouldn't pay us all at one time." Q: "Why were you paid in cash?" A: "I don't know.")], because Mr. Tzoc-Tzep does not have any personal knowledge of the pay of others or of the Defendants' motivations.

The objections at 25:16–26:1 are **OVERRULED** as the testimony is relevant and not unfairly prejudicial.

The objections at 26:2–26:15 are **OVERRULED** as the testimony is relevant and not unfairly prejudicial.

The objections at 26:16–27:1 are **OVERRULED** as the testimony is relevant and not unfairly prejudicial.

The objections at 27:7–27:14 are **OVERRULED** as within the bounds of Rules 602, 701, and 704 ("An opinion is not objectionable just because it embraces an ultimate issue" but "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."). Mr. Tzoc-Tzep's testimony regarding whether or not he had "legal status" or whether he "was authorized to work in the United States" when he started at the restaurant is his lay opinion testimony based on his perception, is helpful, and is not scientific nor based on specialized knowledge. *See* Fed. R. Evid. 602, 701, 704.

The objections at 31:14–21 are **OVERRULED**. The objection is **SUSTAINED** as it relates to 31:22–32:12 as the deponent does not have personal knowledge of whether Defendants knew whether his brother was deported.

The objections at 34:7–21 are **SUSTAINED** as the deponent could not know what his employers thought and has no personal knowledge of what the Defendants knew or did not know about the deponent's lawful status.

The objections at 36:10–37:3 are **OVERRULED** as the testimony is relevant and not unfairly prejudicial.

## II. Morales-Mejia Deposition [ECF No. 162-2]

The objections at 28:18–19 are **SUSTAINED** as the deponent has no personal knowledge. [ECF No. 162-2 (Q: "Do you know whether the other people who lived in the house were U.S. citizens?" A: "I don't know.")].

The objections at 48:19–49:1 through 52:20 are **SUSTAINED** as improper impeachment with extrinsic evidence.

The objections at 58:13–58:16 are **OVERRULED** as it calls for the deponent's personal knowledge, not hearsay.

The objections at 58:24–59:5 are **OVERRULED** as the deponent's personal knowledge rather than hearsay or statements of a defendant in this case.

The objections at 87:12–19 are **SUSTAINED**.

## III. Pablos-Miguel Deposition [ECF No. 162-3]

First, the Defendants object generally to the testimony of Wilmar Ariosto Pablos-Miguel. [ECF No. 235]. He is not named in the indictment. The objection is **OVERRULED**. The court finds that his testimony is not irrelevant (nor overly prejudicial nor confusing to the jury) to this case. Mr. Pablos-Miguel was a similarly situated employee of the Defendants, who can provide relevant evidence in this case.

The objections at 25:17–25:20 are **OVERRULED** as sourced for the deponent's personal knowledge and identification of a photograph.

The objections at 48:11–49:13 are **OVERRULED** as it is the personal knowledge of the deponent's experience and state of mind.

The objections at 53:15–54:17 are **OVERRULED** as it is the personal knowledge of the deponent's experience and state of mind.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 13, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE